UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Amadou C. Diabate,                                    Civil No. 14-2974 (MJD/JJK)

        Plaintiff,

        v.                                             **REPORT AND
                                                       RECOMMENDATION**

University of Minnesota, UMC/CLA
Building, Julie Ann Edin, and
Christopher Xaphakdy,

        Defendants.


        This case is before Court, United States Magistrate Judge Jeffrey J. Keyes,

on Plaintiff's application for leave to proceed *in forma pauperis* ("IFP"), pursuant to

28 U.S.C. § 1915(a).   (Doc. No. 2.)   The matter has been referred to this Court for

a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

For the reasons discussed below, the Court recommends that Plaintiff's IFP

application be denied, and that this action be summarily dismissed, pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).

## I.  BACKGROUND

        Plaintiff Amadou C. Diabate has filed a Complaint in which he asserts that

he was registered to attend the University of Minnesota and should have

graduated in June 2014.   He states that Defendants Julie Ann Edin and

Christopher Xaphakdy, his advisers at the CLA Building, "worked for [his] down

fall."  (Doc. No. 1 at 7-2.)   In his very disjointed pleading, Plaintiff alleges that he

"was dismissed, suspended to go for one year at Minneapolis Community

College."   (Doc. No. 1 at 4.)   He further alleges that on his return to the

University, he was not permitted to graduate and the University has refused to give

him an official transcript. (Doc. No. 1 at 7-1.)

Plaintiff Diabate asserts jurisdiction based on federal question.   The

pleading does not state that the Complaint is one for violation of civil rights, but it

does assert that "[r]ace, Age was involved for my termination/suspension."[1]  In that

regard the Complaint does not expressly identify Plaintiff's race, but it references

comments in the Minnesota Daily, the campus newspaper, regarding

unwelcoming circumstances and a decrease in the number of black students at the

University.   (Doc. No. 1 at 7-1.)   The Complaint contains no reference to any

specific federal statute or regulations and does not directly allege discrimination,

but states that Plaintiff is coming to court for "Justice for my equal-right like any

other US-citizen conforms to ours Constitution which was violated by UMN

employees."   (Doc. No. 1 at 7-5.)

## II.  DISCUSSION

To state an actionable claim for relief, a complaint must allege a set of

---

[1]      The Complaint states that "[a]t 55, in 2008-2009, I decided to come back to
school to learn more, . . ."   (Doc. 1 at 7-2.)   And Plaintiff says that he will "[b]e 60
next November 2014." (Doc. 1 at 7-3.)   The only direct reference to Plaintiff's race
is the comment that "I'm sure now they being doing for long time to Black-Students
to makes them like me. They just shattered my schooling DREAM to coming back
to GRADUATED."   *Id.*

historical facts, which, if proven true, would entitle the plaintiff to a judgment against the defendants under some cognizable legal theory.   While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: <u>the complaint must allege facts</u>, which if true, state a claim as a matter of law."   *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added).   *See also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions"); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations").   The facts supporting a plaintiff's claims must be clearly alleged.   Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."   *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

To state an actionable civil rights claim as Plaintiff appears to be attempting to do here, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendants violated the complainant's federal constitutional rights while acting under color of state law.   *West v. Atkins*, 487 U.S. 42, 48 (1988).   Furthermore, "[l]iability . . . requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *Speed v. Ramsey County*, 954 F.Supp. 1392, 1397 (D. Minn. 1997) (same).   In other words, civil

3

rights claimants must plead facts showing <u>each named defendant's personal</u> <u>involvement</u> in alleged constitutional wrongdoing.   *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999).   *See also Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim").   Thus, in order to state an actionable civil rights claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, while acting under color of state law, which purportedly violated the plaintiff's federal constitutional rights.   As succinctly stated by the Supreme Court, "<u>a plaintiff must plead that each Government-official</u> <u>defendant, through the official's own individual actions, has violated the</u> <u>Constitution</u>."   *Iqbal*, 556 U.S. at 676 (emphasis added).

The Complaint in this instance suffers from fatal infirmities.   First, Plaintiff cites no particular basis for the federal jurisdiction that he asserts, though the Court might infer that he is relying on 42 U.S.C. § 1983 as grounds for constitutional claims.   Section 1983 provides a jurisdictional basis only with respect to a person acting under color of law to deprive the plaintiff of rights, privileges, or immunities secured by the Constitution and laws.   To the extent that Plaintiff may be alleging race and age discrimination, the Complaint states no factual support for such claims.   The Complaint in this matter states no allegation that the named

Defendants, University of Minnesota, UMC/CLA Building,[2] Julie Ann Edin, and

Christopher Xaphakdy were acting under color of law, i.e., under government

authority, with respect to Plaintiff's claims.   In any event, the Court finds that the

University of Minnesota and its employees, as agencies or instrumentalities of the

State of Minnesota, enjoy sovereign immunity from the claims asserted here.

*Carlson v. U.S. Dept. of Educ.*, 2012 WL 4475300 (D.Minn. Aug. 9, 2012)

(unpublished opinion) (citing *Becker v. University of Nebraska at Omaha*, 191 F.3d

904, 908 (8th Cir. 1999).   Also, the Complaint states no facts to establish the

personal involvement of Defendants Edin or Xaphakdy in the circumstances of

which the Plaintiff complains, and the Court finds no basis whatsoever for suit

against an inanimate structure, i.e., the UMC/CLA Building.

In sum, Plaintiff has failed to state an actionable § 1983 claim for a

constitutional violation against any of the named Defendants because his

Complaint does not describe anything that any of those Defendants did, or failed to

do, for which the Defendants are not entitled to sovereign immunity.   The

Complaint simply does not allege any facts that could support a claim for federal

relief against any of the Defendants under any legal theory.

---

2    Due to the manner in which Plaintiff filled out the form Complaint, it is not clear whether he intended to name the UMN/CLA Building as a Defendant, or the building was listed as part of the University of Minnesota address.   (Doc. No. 1 at 2.)

## III.  CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's Complaint

fails to state an actionable § 1983 claim, or any other cause of action on which

relief can be granted, against any of the named Defendants in this case.   The

Court therefore recommends that this action be summarily dismissed, pursuant to

28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.  RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings

herein, **IT IS HEREBY RECOMMENDED** that:

1.   Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2), be

**DENIED**; and

2.   This action be summarily **DISMISSED** pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).


Dated:   August 11, 2014


   s/*Jeffrey J. Keyes*      
Jeffrey J. Keyes
United States Magistrate Judge


Under  D. Minn. LR 72.2(b), any party may object to this Report  and
Recommendation by filing with the Clerk of Court, and serving  all
parties by **August 25, 2014,** a writing  which  specifically identifies
those portions of this Report  to which objections are made and the
basis of those objections. Failure  to comply with this procedure may
operate  as a forfeiture of the objecting party's  right to seek review  in
the Court of Appeals.   A party may respond  to the objecting party's

brief within **fourteen days** after service thereof.   All briefs filed under this rule shall be limited to 3500 words.   A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.